Upon the policies issued by the Mutual Insurance Company of Buffalo and the Merchants' Mutual Insurance Company of Milwaukee, on "account of Henry E. Mussey and Conrad Reid," the interests which they had in the vessel insured were covered. Whether any other person had also an interest in the vessel, either jointly with them or otherwise, which might also have been the subject of insurance, was immaterial, except in its bearing upon the amount which they could recover. It in no way affected their right to insure to the extent of their interest. (Pacific Ins. Co. v.Catlett, 4 Wend., 75.) The policy in *Page 84 
suit was issued to "Henry E. Mussey, on account of himself and others, as interest may appear," and it covered the interests of those by whose direction it was effected and for whose benefit it was intended to be made. Whether, therefore, it was effected for the benefit of Mussey alone, or for the benefit of Mussey and Reid, as I think the evidence indicates, there can be no question that the whole interest of Mussey was protected by it. If both sets of policies were upon the interests of Mussey and Reid, or in the other veiw, if the policy in suit was on Mussey's interest, and the two first mentioned policies were upon the interests of Mussey and Reid, a case of double insurance exists. In both cases Mussey's interest is twice insured, and if both policies could stand and be enforced according to their tenor and unaffected by the special stipulations in respect to double and over insurance, he would be entitled to double compensation. (1Phil. on Ins., 3d ed., 201-8.)
The policy in suit, which is also earliest in date, contains a warranty not to insure over $11,000, and provides that in case of any excess over $11,000, the policy shall be void. The question is, whether that warranty has been broken. The subsequent policies, by which, as the defendants contend, the policy in suit became void, contain the clauses usual in American policies, that in case of prior insurance the insurers shall be answerable only for so much as the prior insurance may be deficient towards fully covering the premises insured; and that in case of subsequent insurance, they shall be answerable to the full amount, without right to claim contribution from such subsequent insurers. They also contain the following clause, upon the construction of which the rights of the parties are materially dependent: "It is hereby agreed that this policy shall become void if any other insurance be made upon the vessel hereby assured, which together with this insurance shall exceed the sum of $10,000." On behalf of the plaintiff it is contended that *Page 85 
this last clause embraces both prior and subsequent insurances, and that as the policy in suit and that effected at the same time and for the same parties in the Astor Insurance Company, together amounted to $11,000, the two policies which contained the clause in question never became effectual, and that therefore there has been no breach of the warranty in the policy in suit against insurance beyond $11,000. The defendants insist that subsequent insurances alone are intended by the provision in question. The language of this provision relates to subsequent insurances. The policy, it says, shall become void in case other insurance be made beyond a fixed amount. The insurers could have no contribution from subsequent insurers, and they chose to insist that beyond the fixed amount the insured should make no subsequent insurance, but should bear the risk himself.
The judgment should be affirmed.
HUBBARD, J., dissented. SELDEN, J., took no part in the decision.
Judgment affirmed.